264

D. B. Ulrey, Columbus, and Crary Davis, for plaintiff-appellant.

Wilson & Snider, Columbus, for defendant-appellee.

## RUTHERFORD v HUFFMAN

Ohio Appeal, 2nd Dist, Franklin Co ·

No 2777. Decided March 27, 1939

## OPINION

By GEIGER, J.

The action below sought to recover damages for personal injuries and property damages arising out of an automobile accident.

The petition alleges that on the 4th of October, 1935, at 7:00 P. M. plaintiff was operating his motor vehicle in a northerly direction on Route No. 104; that the defendant was the owner of a

team of horses driven by his farm hand John Stocklin, who the petition alleges to have been an aged and infirm man. It is further alleged that while plaintiff was operating his motor vehicle and had reached a point about two miles from the southern corporation of Columbus the team attached to the wagon and being driven by Stocklin came from the right of way on the easterly side of the highway diagonally across the entire eastern half of the highway at a high and dangerous rate of speed; that the wagon tongue passed diagonally through the front end of the automobile and plaintiff was struck and injured as claimed and his automobile damaged. The claim of negligence upon the part of the defendant was the driving and operating of the team in the night time without displaying any lights; and operating said team from the right of way at a high and dangerous rate of speed diagonally into and upon the highway in front of the plaintiff's motor vehicle; and in driving said team uncontrolled and upon the entire easterly half of the highway in front of plaintiff's motor so as to extend across and block the entire east one-half of the highway at such distance from the motor vehicle as to render it impossible for the plaintiff to stop; in driving said team heedlessly, wilfully and in wanton disregard of the rights and safety of plaintiff, and in trusting the team to an aged and infirm servant.

Plaintiff asks judgment in the sum of $1437.18.

To this petition an answer and cross-petition was filed by the defendant denying that Stocklin was an infirm man and denying that he was guilty of any negligence, alleging that the plaintiff's negliegnce was the sole cause of the accident. For a cross-petition it is alleged that on the date in question at 6:46 P. M. Stocklin was driving the two-horse wagon in a southerly direction on the west side of the road, one horse walking on the paved part of the road and the other on the soft strip of ground or berm; it is alleged that the plaintiff was driving his car in a north-

erly direction and in rounding a curve he suddenly, without warning drove his automobile to the west or wrong side of the road and into the team of horses being driven by Stocklin, with such force that as a result of the impact both of the horses were killed and the harness destroyed; all to the defendant's damage in the sum of $225.00. To this answer a reply is filed denying the allegations not specifically admitted and alleging that if the defendant was damaged such damage was caused solely by the negligence of the defendant and his servant.

The cause was submitted to a jury which after being charged by the court returned a verdict in favor of the defendant, fixing the defendant's damages on the cross-petition in the sum of $125.00. The jury also found a general verdict in favor of the defendant. Motion for new trial was made and overruled and the cause lodged in this court.

The assignment of errors is to the effect that judgment was against the manifest weight of the evidence and that the Court erred in its charge to the jury.

We have read over the record in this case and as in most collision cases there is a conflict of testimony. It would be of no benefit to analyze the evidence except to say in general that the plaintiff's evidence tends to show that at the time of the accident it was dark; that the team being driven by Stocklin came from the east across the lane upon which plaintiff was driving northward; that the team was out of control of the driver and in fact running away; that plaintiff was driving with his full lights and discovered the team about 60 feet before the impact and thereupon put on all his brakes but was unable to stop the car. The impact seemed to have been of considerable force, as both horses were almost instantly killed, one on the right side of the automobile and one on the left. The deputies, being called from the Sheriff's office, described the location of the car after the accident as being on the east side of the center line of the highway, being

the proper side for a north-going car; that the wagon was in the ditch to the east of the highway. The chief deputy states that he arrived on the scene about 7:00 o'clock, while the other deputy sheriffs placed the time as 7:20 to 7:30. It is stipulated that on the day in question the sun set at 6:10 P. M.

On behalf of the defendant the evidence tends to show that Mr. Stocklin was driving the team in a southerly direction on the west or his right hand side of the road; that one of the horses was in the soft berm, while the other horse was on the hard surface of the highway; that the horeses were walking, that he was in full control and that there was no run-away. Evidence was also given tending to show that plaintiff in attempting to cut the curve in the highway drove the car on the west or his left hand side. There is also some evidence that at or about the time of the collision he was passing a truck going in a northerly direction which caused him to drive his car over the center line on to his left hand side. Out of this conflict of testimony the jury arrived at a general verdict in favor of the defendant and a verdict on the defendant's answer and cross-petition as above indicated. We have no hesitancy in passing ▄▄▄▄▄ ▄ adversely on the plaintiff's claim that the verdict is not sustained by the evidence. It was a typical jury case with conflicting evidence and the court is not justified in disturbing the verdict arrived at by the jury and sustained by the trial court.

The chief complaint of the plaintiff is that the court erred in reference to the charge touching the obligation of the defendant to carry lights upon his wagon. The petition alleges that the accident occurred at about 7:00 P. M. The answer states the time at 6:46. The plaintiff himself and his witnesses state that at the time of the collision it was dark. However all the deputy sheriffs testify that they arrived at the point of collision at 7:20 or 7:30, except the chief deputy, who says that he arrived

there at 7:00. Of course, they would require some time to receive the notice of the accident and to drive to the point where the collision occurred.

The court at the request of the defendant charged that the defendant was not required to have a light upon his wagon during the time within one hour after sundown, "and if you find from the evidence that this collision occurred during the time within one hour after sunset, the defendant was not guilty of negligence by reason of the fact that he had no lights on his said wagon". In the general charge the court gave proper instructions as to what would constitute negligence and contributory negligence, stating that if the plaintiff has proved that the driver of the team was guilty of some act of negligence and that the same proximately resulted in the injury the verdict should be for the plaintiff. This would cover any common law negligence in reference to lights. The court further charged that the defendant claimed the accident occurred at 6:46 and it was stipulated that the sun set at 6:10 that within one hour after the setting of the sun lights must be provided. If the accident occurred at the time when the wagon should have lights and there were no lights, that would be negligence upon the part of the defendant, and if that negligence proximately contributed to the accident the defendant could not recover against plaintiff on his cross-petition.

After the Court finished his general charge he made inquiry of counsel whether he had incorrectly stated any proposition or omitted any proposition; and thereupon counsel for defendant conferred with the court and the court then charged, "Now lest there be any mistake, counsel has said he thought there was a contradiction in the statement made by the court with reference to the special charge given; lights on vehicle or lights on a wagon, the law in substance provides that within an hour after sunset it is not necessary, but beyond the one hour after the going down of the sun then a vehicle such as

a wagon must be provided with lights both in front and in rear, the rays of which will cast the distance of at least 200 feet". The court inquired of Mr. Wilson, "Does that correct it?" No further corrections were suggested. It is now claimed by plaintiff that while there is a statutory provision as to the time at which lights must be displayed, to-wit, one hour after sunset, that the court by its instructions withdrew from the consideration of the jury the question as to whether the defendant was negligent in driving his wagon upon the highway after dark without lights although this question had been properly made by the pleadings, it being claimed that the court gave the special charge and his further general charge upon the theory that negligence could not be predicated upon the failure of the defendant to have lights on his vehicle unless the failure constituted a violation of §12614-3, which does not require lights until one hour after sunset. It is claimed that the charge in effect told the jury that as a matter of law the driving of a team upon the public highway after dark without lights was not negligence if such conduct did not constitute a violation of the section, it being claimed that the ruling of the court is in effect that there can be no negligence unless the statute has been violated, and that the court by his charge held that the statute sets up not only the minimum of care which is required, but that it also sets up a standard which the jury must observe. We do not so interpret the charge of the court. For a long time the statute has provided that cars must be lighted from one hour after sunset until one hour before sunrise. This, we think, is a clear recognition of the fact that it is ordinarily safe to drive a car unlighted for an hour after sunset and an hour before sunrise. There is no allegation in the petition that any particular atmospheric condition required

the lighting of the wagon before the expiration of the one hour of grace. The attention of the court was only directed to his charge in reference to the lighting of the wagon under ordinary conditions and he correctly stated that the law did not require it to be lighted until an hour after sunset and that if the jury find the accident occurred at 6:46, which was less than an hour, that the law did not require that the wagon be lighted, but the court did charge that the statute required the lighting after the expiration of the one hour. While there was some conflict of testimony as to the time of the accident and the plaintiff and some of his witnesses having testified that it was dark, yet the form in which the Court instructed the jury did not deprive the plaintiff of the statutory requirement if as a matter of fact it was more than an hour after sunset. Counsel for defendant, according to the record, especially conferred with the court in reference to his charge as to lighting and the court thereupon charged as we have above indicated and council did not request any further charge on the subject upon which he had been conferring with the court. As a driver of an automible we would welcome the lessening of this time from one hour to 30 minutes after sunset and before sun rise.

We see no error in the court's charge and do not believe that it was misleading to the jury. If there was error counsel should have complained of it after the court had at his request again charged as to lights. In view of the conflict of testimony and of the freedom of the charge from prejudicial error, we are of the opinion that the judgment below should be affirmed. Judgment affirmed. Cause remanded.

HORNBECK, PJ, and BARNES, J, concur.